UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC GONZALEZ, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-2044 |
| ) | |
| JUSTIN YOUNG, ) | |
|     Defendant. ) | |

**ORDER**

This matter is now before the Court on Plaintiff's renewed Motion to Request Counsel, or in the Alternative, Motion for Extension of Time to respond to Defendant's Renewed Motion for Summary Judgment. (Doc. 83). For the reasons stated below, Plaintiff's motion is DENIED.

Plaintiff, who is incarcerated at Danville Correctional Center, proceeds pro se on a Complaint under 42 U.S.C. § 1983 alleging that Defendant Dr. Young was deliberately indifferent to his knee pain in violation of the Eighth Amendment. On March 8, 2023, Defendant filed a Renewed Motion for Summary Judgment. (Doc. 77). Plaintiff's response is due on June 20, 2023. (*See* May 30, 2023 Text Order).

On May 25, 2023, Plaintiff filed a Motion to Request Counsel. (Doc. 82). The Court was unable to determine if Plaintiff made a reasonable attempt to secure counsel on his own, or conversely, had been precluded from doing so because Plaintiff did not include copies of letters he sent to or received from the attorneys and organizations he contacted. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). The Court denied his motion with leave to renew. (*See* May 30, 2023 Text Order).

1

On May 31, 2023, Plaintiff filed a renewed Motion to Request Counsel. (Doc. 83). Plaintiff lists seven attorneys or legal organizations he contacted and has now attached three letters he received from attorneys who declined to represent him. The Court finds Plaintiff has made a reasonable attempt to secure counsel on his own.

The question now becomes "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Relevant factors as to competency include, but are not limited to, a plaintiff's literacy, education, litigation experience, communication skills, psychological history, intellectual capacity, physical and mental health, and ability to conduct discovery. *Bracey v. Grondin*, 712 F.3d 1012, 1018 n. 3 (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013).

The Court may also consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Finding an attorney willing to take a case like this without pay is difficult. Therefore, the Court only searches for pro bono counsel when a plaintiff truly does not appear able to proceed pro se on his claims. That an attorney would do a better job is not the test, otherwise nearly all pro se civil plaintiffs would be entitled to pro bono counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

Due to his lack of legal training and experience, Plaintiff argues he needs counsel to draft a response to Defendant's summary judgment motion. (Doc. 83 at 2). Another inmate who was assisting him with his legal work is no longer available to help. *Id.* The Court previously found Plaintiff appears competent to represent himself. (*See* February 13, 2023 Text Order). Plaintiff has survived summary judgment on exhaustion of administrative remedies and filed his own Motion for Summary Judgment on the merits with a statement of facts, citations to the record, and relevant case law. (Docs. 39 and 48). This case is limited to one claim and one Defendant. Discovery is complete. On this record, Plaintiff appears competent to proceed pro se. Plaintiff's Motion to Request Counsel is denied.

Plaintiff also requests an extension of time until July 26, 2023, to file a response to Defendant's Renewed Motion for Summary Judgment. On May 30, 2023, the Court granted an extension until June 20, 2023, for Plaintiff to file his response. (*See* May 30, 2023 Text Order). Plaintiff's Motion for Extension of Time is denied as moot.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Request Counsel, or in the Alternative, Motion for Extension of Time [83] is DENIED.

2. Plaintiff's response to Defendant's Motion for Summary Judgment is due on or before June 20, 2023.

ENTERED: 6/1/23

s/James E. Shadid  
James E. Shadid  
U.S. District Court Judge